IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT D. KRAUSE, #248 039　　*

　　Plaintiff,　　*

　　v.　　*　　2:07-CV-468-MEF
　　　　　　　　　(WO)
A.D.O.C., *et al.*,　　*

　　Defendants.　　*

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility located in Clayton, Alabama, files this 42 U.S.C. § 1983 action complaining that he is being denied adequate medical care and treatment and being subjected to unconstitutional conditions of confinement. Plaintiff names as defendants the Alabama Department of Corrections, Prison Health Services, Inc., Commissioner Richard Allen, and Governor Bob Riley. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Alabama Department of Corrections and Governor Riley prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**I. DISCUSSION**

*A. The Alabama Department of Corrections*

The Alabama Department of Corrections is not subject to suit or liability under §

1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Alabama Department of Corrections are due to be dismissed. *Id.*

*B. Governor Riley*

Plaintiff names the Governor of Alabama as a defendant to this cause of action. Governor Riley, however, is subject to dismissal as there is no *respondeat superior* liability under § 1983. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92 (1978); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Alabama Department of Corrections and Bob Riley be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Alabama Department of Corrections and Bob Riley be DISMISSED as parties to this complaint; and

3. This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **June 11, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30th day of May 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE