**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ROBERT D. KRAUSE, #248039, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | 2:07-CV-468-MEF |
| PRISON HEALTH SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL REPORT

Come now the Alabama Department of Corrections Defendant, Richard Allen, by and through the undersigned counsel in the above styled action, and file this Special Report as follows:

### Petitioner's Allegations

Plaintiff alleges that his constitutional rights were violated by the Defendants, specifically he has been denied medical treatment, that Ventress Correctional Facility is too overcrowded, that 'inmates' will experience "TB germ, staph infection, or get hept if they are treated at the Dentist.", and that he is not allowed enough time to eat.

### DEFENSES

Defendant Allen denies that he has violated the constitutional rights of the Plaintiff and demands the strict proof thereof.

Defendant Allen alleges that the Plaintiff has failed to state a claim upon which relief can be granted.

Defendant Allen alleges that the Plaintiff has failed to state a claim upon which a 42 U.S.C. § 1983 action can be maintained against him based upon the theory of *respodeat superior*.

Defendant Allen alleges that the Plaintiff has failed to state a claim upon which a 42 U.S.C. § 1983 action can be maintained against him based upon 'deliberate indifference'.

Defendant Allen pleas the general defense.

Defendant Allen alleges that he is entitled to qualified immunity against the claims of the Plaintiff.

Defendant Allen alleges that he is entitled to absolute immunity against the claims of the Plaintiff.

Defendant Allen alleges that he is without medical training and that he is allowed to rely upon the medical treatment decisions of the professionals actually treating the Plaintiff.

Defendant Allen alleges that the Plaintiff's claims are barred by the Prisoner Litigation Reform Act (PLRA).

Defendant Allen alleges that the Plaintiff has suffered no injuries, and/or damages, as a result of the alleged violations.

Defendant Allen reserves the right to amend his defenses, including the addition of affirmative defenses, upon the receipt of information through discovery and otherwise.

## STATEMENT OF FACTS

The Plaintiff is an inmate incarcerated at the Ventress Correctional Facility. He brings this action as a result of an alleged situation at that Facility. Basically the Plaintiff alleges that while at that facility he was refused medical treatment for a hernia, that Dorm H-1 is overcrowded, that inmates at Ventress will experience either exposure to TB germs, staph infections, and/or hepatitis infection, and finally that he is only allowed two to four minutes to eat.

## ARGUMENT

### Eighth Amendment

The Eighth Amendment, which applies to state action through the Due Process Clause of the Fourteenth Amendment, Robinson v. California, 370 U.S. 660, 666, (1962), prohibits the infliction of "cruel and unusual punishment" on those convicted of crimes. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991) . As a threshold matter, the court must determine whether the subject deprivation was sufficiently serious to rise to the level of denying "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Thus, in order to determine whether the conditions of confinement violated the Plaintiff's Eighth Amendment rights, the court must find that the plaintiff was deprived "of the minimum civilized nature of life's necessities", and that the Defendant was deliberately indifferent to the rights of the Plaintiff. Wilson; Rhodes. The Plaintiff's complaint alleges a constitutional violation of

the conditions at Ventress, namely (1) that Dorm H-1 is overcrowded; (2) that he may be exposed to TB, staph, and/or hepatitis, and (3) that he does not get enough time to eat. The Plaintiff offers nothing to support these allegations.

In a case complaining about the conditions of confinement generally or about several different conditions, the court should consider whether the claims together amount to conditions which fall below constitutional standards. Hamm v. De Kalb County, 774 F.2d 1567 (11th Cir. 1985), cert. den. 475 U.S. 1096, 106 S.Ct. 1492, 89 L. Ed. 2d 894 (1986); see also Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, the court's consideration of whether the claims together amount to conditions which fall below the constitutional standards is limited by the Supreme Court's holding in Wilson, that "some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need..." (emphasis added). Wilson. The Court in Wilson did not accept the plaintiff's argument that "a court cannot dismiss any challenged condition...as long as other conditions remain in dispute, for each condition must be "considered as part of the overall conditions challenged". Id. at 2327. The Plaintiff has failed to overcome the essential burden of establishing that there is a genuine issue of material fact to avert summary judgment. Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). It is especially relevant that the Plaintiff has alleged no specific injury to himself from the

alleged conditions. Certainly there can be no argument that the conditions were a result of injury where there was no injury. The Plaintiff's complaint does not even specifically allege how these alleged conditions harmed him or undermined his health or physical well-being.

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between actions taken by the Defendant and the constitutional deprivation. Jones v. Preuitt & Mauldin, 851 F.2d 1321 (11th Cir. 1988). The requisite causal connection may be shown by the personal participation of a Defendant, a policy or custom established by the Defendant which results in deliberate indifference to a prisoner's constitutional rights or breach of a duty imposed by state or local law which results in constitutional injury. Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986). There is no causal connection even alleged here, much less proven. Furthermore, under §1983, *respondeat superior* is not a proper cause of action. **Monell v. Dept. of Social Services, 436 U.S. 658(1978)**. Thus, Inmate Krause has failed to establish a claim under 42 U.S.C. §1983.

As acknowledged earlier, it is the duty of prison officials to furnish prisoners with reasonably adequate food, clothing, shelter and sanitation. Newman v. Alabama, 559 F.2d 283, 291 (5th Cir. 1977) aff'd in part, rev'd in part, sub nom. 559 F.2d at 286.

The Constitution does not mandate comfortable prisons. Rhodes. "A corollary to the state's obligation to provide inmates with

constitutionally adequate shelter is the requirement of minimally adequate living space that includes reasonably adequately ventilation, sanitation, bedding, hygienic materials and utilities (i.e., hot and cold water, light, heat, plumbing)."Grubbs v. Bradle, 552 F.Supp. 1052 (M.D.Tenn. 1982),Cruotiner Ramos v. Lamm, 639 F.2d 559,568(10th Cir. 1980),cert. denied, 450 U.S. 1041 (1981). The Constitution does not mandate comfortable prisons. Bega v. Parsleh,700 F.Supp. 879,883(W.D. Tex. 1988). Clearly, the Plaintiff has failed to establish that these conditions rise to a constitutional violation.

Conclusory allegations by either party are insufficient to raise a factual dispute. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Such claims based on conclusory allegations are due to be dismissed. Neitzke v. Williams 490 U.S. 319 (1989). The Plaintiff's allegations are not supported by any facts.

Any claim concerning negligence, Defendant Allen is entitled to qualified immunity.

Lastly, Defendant Allen would argue that this action is due to be dismissed and summary judgment granted under the Prison Litigation Reform Act (PLRA), specifically under 42 U.S.C.A. s 1997e(e). In **Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)**, the Court held that the inmate did not raise a valid Eighth Amendment claim because he did not have the requisite "physical injury" under the PLRA.

Medical Treatment

Defendant Allen argues that, inasmuch as he has no medical training, he must rely upon the medical expertise of the trained medical personnel treating the Plaintiff at the facility. In Waldrop v. Evans, 681 F.Supp. 840 (M.D. Ga. 1988), aff. 871 F.2d 1030, the Court held that prison supervisory personnel were entitled to rely on the judgment of health care professionals employed by the prison. Defendant Allen knows of no clearly established law which imposes upon a prison employee the duty to make medical decisions. At the site, the prison personnel is obliged to facilitate access to the medical staff for the treatment as they (medical staff) deem appropriate.

The Plaintiff seeks to impose responsibility upon this Defendant for the alleged actions or inactions of the medical staff.

It is Defendant Allen's position that Plaintiff cannot rely on a theory of respondent superior to render a defendant liable under 42 U.S.C. 1983, just as in the conditions argument above.

Wherefore the premises considered and there being no material issue of fact, Defendant Allen request that summary judgment be granted in his favor and that cost be assessed against the Plaintiff. Defendant Allen further request that this action be found to be frivolously brought, under the definition contained in the Prisoner Litigation Reform Act.

Respectfully submitted,

Kim T. Thomas
General Counsel
Deputy Attorney General

/s/Albert S. Butler (BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General


**ADDRESS OF COUNSEL**:

Alabama Department of Corrections
Legal Division
301 South Ripley Street
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading

upon:

Robert Krause                          William R. Lunsford
Ventress Correctional Facility         Maynard, Cooper & Gale, P.C.
P. O. Box 767                          655 Gallatin Street
Clayton, Alabama 36016                 Huntsville, Alabama 35801

by placing same in the United States Mail, first class postage prepaid and
properly addressed this 13th day of August, 2007.


/s/Albert S. Butler (BUT016)
Albert S. Butler (BUT016)
Assistant General Counsel
Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

ROBERT D. KRAUSE , AIS #248039,      )
     )
     Plaintiff,      )
     )
vs.      )      CIVIL ACTION NO.
     )      2:07-CV-468-MEF
PRISON HEALTH SERVICES INC., et al.,      )
     )
     Defendants.      )

## A F F I D A V I T

STATE OF ALABAMA      X
     X
MONTGOMERY COUNTY      X

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Richard Allen, who being known to me and being by me first duly sworn, deposes and , Commissioner of the Alabama Department of Corrections.  I am over twenty-one (21) years of age.

I do not know the Plaintiff in this matter and to my knowledge have not had any contact with him.  As Commissioner, I did not control the daily operation of Ventress Correctional Facility or other various institutions of the Department, and had no involvement in the alleged incident.  I do not have the requisite medical training to make medical treatment decision.  Also, as Commissioner, I did not make decisions regarding medical treatment for inmates, and did not attempt to intercede, overrule, or influence any decisions made by medical personnel regarding medical treatment for inmates.

ROBERT D. KRAUSE, AIS #248039 vs. PRISON HEALTH SERVICES, INC, et al.
CIVIL ACTION NO.    2:07-CV-468-MEF

Page 2

I deny that I have violated the Plaintiff's constitutional rights in any way.

Richard Allen
Commissioner

**SWORN TO AND SUBSCRIBED** before me this 13th day of August 2007.

NOTARY PUBLIC

3/27/2011
MY COMMISSION EXPIRES